IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **HENRY LEE JONES, #455040,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01062 |
| ) | Judge Trauger |
| **ZAC POUNDS,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Henry Lee Jones, an inmate on death row at the Riverbend Maximum Security Institution, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) While the petitioner is confined in this District, the face of the Petition shows that he was convicted and sentenced in the Shelby County Criminal Court in 2015. (*Id.* at 1 at 1–2.) He now requests his immediate release from confinement based on his pretrial detention in Shelby County between 2003 and 2007, which he claims violated his speedy trial rights and which his appointed counsel "blocked and prohibited" him from challenging at the time. (*Id.* at 6–8.)

The § 2241 Petition before the court arrived in the Clerk's Office in an envelope that also contained a petition under 28 U.S.C. § 2254.[1] The petitioner's § 2254 petition was opened as a separate case, No. 3:23-cv-01063, and assigned to Judge Richardson. It includes the same challenge the instant Petition raises—a challenge to the petitioner's current confinement based on his pretrial detention in Shelby County in violation of his speedy trial rights, which his appointed counsel "blocked and prohibit[ed]" him from raising contemporaneously. (No. 3:23-cv-01063, Doc. No. 1 at 5.)

---

[1] (*Compare* Doc. No. 1 at 10 *with Jones v. Pounds*, No. 3:23-cv-01063, Doc. No. 1 at 17.)

Challenges to the custody of a convicted state prisoner such as the petitioner must be pursued under § 2254, not § 2241. *See Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020) ("§ 2254 applies only to state prisoners who are 'in custody pursuant to the judgment of a State court,' leaving state pretrial detainees as the rare state prisoners entitled to use § 2241") (citations omitted). Regardless of the label on the Petition, the petitioner's filing is governed by § 2254, which is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody." *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). However, because the petitioner already has a pending § 2254 action, the court will not proceed by construing his § 2241 Petition as one arising under § 2254 but will dismiss this case without prejudice as duplicative. *See Lambert v. Taylor*, No. 14-CV-177-HRW, 2015 WL 789258, at *2 (E.D. Ky. Feb. 24, 2015).

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** to the petitioner's future ability to seek relief proper to § 2241. The Clerk is **DIRECTED** to (1) re-docket the Petition as a "supplement" in Case No. 3:23-cv-01063; (2) re-docket the petitioner's recent motions to appoint counsel in this case (Doc. Nos. 3–5) as new entries on the docket of Case No. 3:23-cv-01063; and then (3) close the file of this case.

Because the correctness of this purely procedural disposition is not debatable, no certificate of appealability shall issue under 28 U.S.C. § 2253(c). *See Slack v. McDaniel*, 529 U.S. 473, 478, 485 (2000).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge